UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID THOMPSON,

Plaintiff,

v.

CDCR, *et al.*,

Defendants.

Case No. 1:26-cv-02952-FJS (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

ORDER CONSTRUING PLAINTIFF'S NOTICE OF RETALIATION AS MOTION FOR INJUNCTIVE RELIEF
(ECF No. 12)

FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF
(ECF Nos. 11, 12)

<u>FOURTEEN (14) DAY DEADLINE</u>

Plaintiff David Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The court has not yet screened the complaint.

On July 10, 2026, Plaintiff filed a motion for an expedited temporary restraining order. (ECF No. 11.) In the motion, Plaintiff requests an expedited restraint prohibiting defendants from transferring Plaintiff from the California Substance Abuse Treatment Facility ("CSATF"), his current institution. Plaintiff alleges that on June 23, 2026, he was informed by Correctional Counselor T. Buchnoff that he is being put up for transfer to Kern Valley State Prison ("KVSP").

Plaintiff informed Correctional Counselor Buchnoff that if he were transferred to KVSP, he would be murdered because he is transgender and a convicted sex offender. Plaintiff alleges that defendants know that a transfer puts Plaintiff's life in immediate harm that cannot be remedied by money and believes his transfer to KVSP is being carried out despite their awareness of the serious risk to Plaintiff's life. Plaintiff alleges that after he filed a grievance regarding the Department's classification of inmates on different yards, defendants retaliated by telling other inmates at CSATF about Plaintiff's charges, and an inmate later told Plaintiff he was going to be murdered that night. Correctional officers also threw away all of Plaintiff's legal documents, legal forms, and over $8,000 worth of Plaintiff's property. Plaintiff requests a temporary restraining order to prohibit his transfer while this case is pending or until the court fully considered Plaintiff's claim. He also requests a court order to allow Plaintiff to choose which prison Plaintiff is transferred to pursuant to California Penal Code § 2606.[1] (*Id.*)

On July 13, 2026, Plaintiff filed a notice of retaliation by defendants and correctional officers at CSATF. (ECF No. 12.) Plaintiff re-alleges his claim that correctional officers at CSATF retaliated against him by throwing away all of Plaintiff's legal documents and stole, destroyed, or threw away over $8,000 of Plaintiff's property. Plaintiff requests that the court order the defendant to pay for replacement of all documents filed in and by this court. Plaintiff states that he is filing a tort claim in state court for all the stolen, destroyed, or discarded property. (*Id.*)

The court construes Plaintiff's notice of retaliation as a second motion for injunctive relief. The motions are deemed submitted.

## I. <u>MOTION FOR PRELIMINARY INJUNCTION</u>

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

[1] Cal. Penal Code § 2606(a)(3) provides, in relevant part: "(a) An individual incarcerated by the Department of Corrections and Rehabilitation who is transgender, nonbinary, or intersex, regardless of anatomy, shall: . . . (3) Be housed at a correctional facility designated for men or women based on the individual's preference . . . ."

favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction. In considering a request for preliminary injunctive relief, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act. That statute requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims that this action is proceeding on. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

## II. DISCUSSION

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As noted above, the court has not yet screened the complaint. As such, this action does not yet proceed on any cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the court at this time lacks personal jurisdiction over any named defendants or other individuals who might be involved in determining where Plaintiff will

be housed or handling Plaintiff's property.

Plaintiff also fails to demonstrate any relationship between the injury claimed in his motions and the conduct asserted in the underlying complaint. Plaintiff complains of retaliation in the form of property destruction and a potential transfer, but the complaint alleges that mailroom employees and grievance staff involved in the processing of electronic mail are refusing to process or review electronic messages that are sexually suggestive but not obscene and do not violate any CDCR regulations. (ECF No. 10.) Absent a relationship between the requested preliminary injunctive relief and the underlying complaint such that the preliminary injunction would grant "relief of the same character as that which may be granted finally," the court lacks authority to grant the relief requested. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (quoting *De Beers Consol. Mines*, 325 U.S. 212, 220 (1945)).

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioner's prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in any other forum. The issue is that Plaintiff cannot use this action to obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not overcome what is a jurisdictional bar. *Pac. Radiation Oncology*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

III. ORDER AND RECOMMENDATION

Accordingly, it is HEREBY ORDERED as follows:

1. The Clerk of the Court is DIRECTED to randomly assign a district judge to this action; and
2. Plaintiff's notice of retaliation, (ECF No. 12), is CONSTRUED as a motion for preliminary injunctive relief.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motions for injunctive relief, (ECF Nos. 11, 12), be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **July 15, 2026**

UNITED STATES MAGISTRATE JUDGE