UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>CDCR, et al.,<br><br>Defendants. | Case No. 1:26-cv-02952-KES-FJS (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S MOTION FOR NEW JUDGE AS A MOTION FOR RECUSAL OF MAGISTRATE JUDGE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE<br><br>(ECF No. 19) |

Plaintiff David Thompson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The court has not yet screened the complaint.

On July 17, 2026, Plaintiff filed a letter to the court, docketed as a notice regarding prisoner civil rights complaint. (ECF No. 15.) Plaintiff states that since filing the signed complaint on May 4, 2026, he has not heard anything on this case. The court construed this filing as a motion for case status update. (ECF No. 16.) Plaintiff was advised that his complaint would be screened in due course and that there are hundreds of prisoner civil rights cases presently pending before the court, and delays are inevitable. (ECF No. 16.)

On October 27, 2026, Plaintiff filed a motion to request a new judge to hear this case. (ECF No. 19.) It is unclear if Plaintiff seeks a new magistrate judge, a new district judge, or both.

Plaintiff requests that the court move this case to another judge or "take up this case and move it along," as "[t]this case has been sitting unheard for the past six months." (ECF No. 19.) As this motion appears to be in response to the undersigned's case status update and pending screening of Plaintiff's complaint, the court construes this motion as a motion for recusal of the undersigned.

A magistrate judge must disqualify himself if his "impartiality might be reasonably be questioned," 28 U.S.C. § 455(a), or if he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Johnson*, 610 F.3d at 1147 (quotation marks and citation omitted). "Adverse findings do not equate to bias." *Johnson*, 610 F.3d at 1147.

Plaintiff's statements are not sufficient to demonstrate personal bias or prejudice by the undersigned. Plaintiff makes no allegations concerning the undersigned's bias or prejudice but merely objects to the speed in which the court is addressing Plaintiff's case. These allegations cannot support a finding that the undersigned holds any personal bias or prejudice concerning Plaintiff or any other party. Plaintiff's assertions of prejudice or unfairness appear to be premised on judicial rulings in this action or the length of time required for the court to make juridical rulings in this action. Yet judicial rulings, in and of themselves, do not constitute bias or partiality. *See Johnson*, 610 F.3d at 1147; *Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Plaintiff's conclusory statements and allegations are insufficient to establish that the undersigned's impartiality might reasonably be questioned or to establish that a personal bias or prejudice exists. As this court has already informed Plaintiff, there are hundreds of prisoner civil rights cases presently pending before the court and delays are inevitable.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for new judge, (ECF No. 19), is CONSTRUED as a motion for recusal of the undersigned magistrate judge; and
2. Plaintiff's motion for recusal of magistrate judge, (ECF No. 19), is DENIED.

IT IS SO ORDERED.

Dated: **November 5, 2026**

UNITED STATES MAGISTRATE JUDGE